# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FLETCHER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JEFF WRIGLEY, Warden,<br><br>　　　　　　Respondent. | 1:07-CV-00295 LJO DLB HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br>[Doc. #4]<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　Petitioner is currently in custody of the Bureau of Prisons ("BOP") at Taft Correctional Institution located in Taft, California, pursuant to a judgment of the United States District Court for the Southern District of California. Petitioner was sentenced to serve eighteen (18) months imprisonment on February 13, 2006; he has a projected release date of August 31, 2007.

　　　On February 23, 2007, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. Petitioner claims the BOP is unlawfully denying him consideration for placement into a Residential Re-entry Center ("RRC") for the last six months of his eighteen month sentence.

On April 11, 2007, Respondent filed a motion to dismiss the petition as moot. Respondent contends he has already conducted the inquiry recommended by the Magistrate Judge consistent with the Magistrate Judge's findings. Respondent states, "The BOP has evaluated petitioner 'without reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community Corrections Policies.'" See Respondent's Motion to Dismiss (hereinafter "Motion"). As a result of this evaluation, the BOP has determined Petitioner is to spend "15-30 days in a Residential Re-entry Center before his release." Id. Respondent has provided a copy of the completed form entitled, "Institutional Referral for CCC Placement." See Exhibit 3, Motion. According to the form, Petitioner was evaluated on March 19, 2007. Id.

Because Petitioner has already been granted the relief he requested, the case is now moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED as moot; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   April 26, 2007**               /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE